NO. 4-07-0461        Filed 9/24/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| In re: Richard H. and D.B., Minors, | ) | Appeal from |
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Champaign County |
| v. | ) | No. 05JA53 |
| DEBORAH KELLY, | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | John R. Kennedy, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In October 2005, the State filed a petition for adjudication of wardship with respect to Richard H. and D.B., the minor children of respondent, Deborah Kelly. In March 2006, the trial court adjudicated the minors wards of the court and placed custody and guardianship with the Illinois Department of Children and Family Services (DCFS). In March 2007, the State filed an amended motion to terminate respondent's parental rights. In April 2007, the court found respondent unfit. In May 2007, the court found it in the minors' best interest that respondent's parental rights be terminated.

On appeal, respondent argues the trial court erred in failing to make findings of fact concerning her parental fitness in its oral and written orders. We affirm.

I. BACKGROUND

In October 2005, the State filed a petition for adjudication of wardship, alleging Richard, born August 1993, and D.B., born June 1997, were neglected minors. Respondent is the mother

of both minors, and the fathers of the minors are not parties to this appeal. The petition alleged Richard and D.B. were neglected minors pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (705 ILCS 405/2-3(1)(b) (West 2004)) because their environment was injurious to their welfare when they resided with respondent and their respective fathers because the environment exposed them to risk of substance abuse and physical harm. The petition also alleged the minors were neglected because respondent failed to correct the conditions that resulted in a prior adjudication of parental unfitness to exercise guardianship and/or custody of the minors' half-siblings. The trial court entered a temporary custody order, finding probable cause to believe the minors were neglected/abused and it was in their best interest that they be placed in shelter care.

In February 2006, the trial court found the minors were abused or neglected based on their environment being injurious to their welfare. In its March 2006 dispositional order, the court found it in the minors' best interest that they be made wards of the court and placed custody and guardianship with DCFS.

In March 2007, the State filed an amended motion for termination of parental rights. The State alleged respondent was unfit because she (1) failed to make reasonable efforts to correct the conditions that were the basis for the minors' removal from her (750 ILCS 50/1(D)(m)(i) (West 2006)); (2) failed to make reasonable progress toward the return of the minors within the initial nine months of the adjudication of neglect or

abuse (750 ILCS 50/1(D)(m)(ii) (West 2006)); and (3) failed to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare (750 ILCS 50/1(D)(b) (West 2006)).

In April 2007, the trial court conducted a hearing on the amended motion to terminate parental rights. Respondent did not appear but was represented by counsel. Sarah Schmidt, an intake counselor at Prairie Center Health Systems, testified she conducted an assessment of respondent in November 2006. Respondent admitted using heroin, cocaine, and marijuana on a regular basis. Schmidt wanted respondent to undergo residential treatment, but because of a waiting list respondent participated in a daily treatment program in the interim.

Jennifer Davidson testified she acted as the DCFS child-welfare specialist for the minors from 2005 to April 2006. During a November 2005 assessment, respondent stated she began using heroin in 1996 and had been addicted for seven years. She acknowledged using heroin on a daily basis but felt she was able to care for her children.

Arnold Black, a child-welfare specialist with DCFS, testified he became involved with the minors' case in June 2006. Respondent reported to him that she had been unemployed from March 2006 through mid-June 2006.

The trial court took judicial notice of the State's request to admit facts and respondent's responses thereto. Respondent admitted she was convicted of unlawful delivery of a

controlled substance in case No. 05-CF-2330. People v. Kelly, No. 05-CF-2330 (Cir. Ct. Champaign Co.). Further, her parental rights to three other children had previously been terminated. She also failed to submit to numerous drug screens and tested positive for cocaine on multiple occasions. The court found the State presented clear and convincing evidence of respondent's unfitness on each allegation in the State's motion.

In May 2007, the trial court conducted the best-interest hearing. The State relied on the best-interest report. Respondent did not testify. The court found it in the minors' best interest that respondent's parental rights be terminated. This appeal followed.

## II. ANALYSIS

Respondent argues the trial court erred in failing to make findings of fact concerning her parental fitness in its oral pronouncement and written order. We find any lack of detailed findings of fact to be harmless.

Because termination of parental rights is a serious matter, the State must prove unfitness by clear and convincing evidence. In re M.H., 196 Ill. 2d 356, 365, 751 N.E.2d 1134, 1141 (2001). "A determination of parental unfitness involves factual findings and credibility assessments that the trial court is in the best position to make." In re Tiffany M., 353 Ill. App. 3d 883, 889-90, 819 N.E.2d 813, 819 (2004). A reviewing court accords great deference to a trial court's finding of parental unfitness, and such a finding will not be disturbed on

- 4 -

appeal unless it is against the manifest weight of the evidence. In re T.A., 359 Ill. App. 3d 953, 960, 835 N.E.2d 908, 913 (2005). "As the grounds for unfitness are independent, the trial court's judgment may be affirmed if the evidence supports the finding of unfitness on any one of the alleged statutory grounds." In re H.D., 343 Ill. App. 3d 483, 493, 797 N.E.2d 1112, 1120 (2003).

Respondent argues the Second District's decision in In re G.W., 357 Ill. App. 3d 1058, 830 N.E.2d 850 (2005), illustrates the need for factual findings in termination cases and requires reversal here. In that case, the State filed a petition to terminate the respondent's parental rights and alleged three grounds of unfitness. G.W., 357 Ill. App. 3d at 1059, 830 N.E.2d at 852. Following a hearing, the trial court found the respondent unfit and ultimately terminated her parental rights. G.W., 357 Ill. App. 3d at 1059, 830 N.E.2d at 852.

On appeal, the respondent argued the trial court's finding that she was an unfit parent was against the manifest weight of the evidence. G.W., 357 Ill. App. 3d at 1059, 830 N.E.2d at 852. The appellate court stated, in part, as follows:

> "To determine whether a trial court's
> findings of fact are against the manifest
> weight of the evidence, this court must be
> able to review both the evidence presented
> and the trial court's findings of fact.
> However, the trial court in this case has

failed to enter findings of fact. After hearing the testimony of more than 10 witnesses over a period of approximately nine months, the trial court made no findings of fact in either its oral statement at the end of the fitness hearing or in its written order. While we grant great deference to the trial court's findings of fact, our review is made more difficult when no such findings are made and only a blanket finding of 'proven' is pronounced. We cannot review or defer to something that was never made; therefore, we admonish trial courts to pay particular attention to making findings of fact so that meaningful review of the ultimate curtailment of parental rights is given." G.W., 357 Ill. App. 3d at 1060, 830 N.E.2d at 853.

In the case sub judice, the trial court found at the fitness hearing that the allegations in the State's amended petition had been proved by clear and convincing evidence. In its written order, the court indicated respondent had been found unfit by clear and convincing evidence. No findings of fact were set forth in the oral and written pronouncements.

Although specific findings of fact are preferable, the ruling in G.W. does not stand for the proposition that the lack of such findings requires reversal in every case. Our review in

- 6 -

this case is not made difficult by the lack of factual findings. The State alleged three grounds of parental unfitness, one of which centered on respondent's failure to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare.

Before finding a parent unfit on this ground, the court must "examine the parent's conduct concerning the child in the context of the circumstances in which that conduct occurred." In re Adoption of Syck, 138 Ill. 2d 255, 278, 562 N.E.2d 174, 185 (1990). The parent may be found unfit for failing to maintain either interest, or concern, or responsibility; proof of all three is not required. In re Jaron Z., 348 Ill. App. 3d 239, 259, 810 N.E.2d 108, 124-25 (2004).

In this case, Schmidt testified respondent admitted using heroin, cocaine, and marijuana on a regular basis. Davidson indicated respondent stated she began using heroin in 1996, had been addicted for seven years, and used it on a daily basis. In her responses to the State's request to admit facts, respondent admitted she had been convicted of unlawful delivery of a controlled substance. She admitted using heroin on November 2, 2006. She admitted testing positive for cocaine on May 2, 10, 11, and 24, 2006, and July 24, 2006. Further, she failed to submit to drug screens on April 7 and 19, 2006; August 11 and 23, 2006; September 20, 2006; and October 14, 2006. Such actions do not constitute a reasonable degree of responsibility for her children.

Respondent's inability to tackle her drug addiction prevented her from taking the responsibility for the care and custody of her children. The evidence establishing respondent's unfitness was overwhelming and undisputed. The lack of factual findings by the trial court does not impede our ability to review this clear case of parental unfitness.

Because of our conclusion on this ground of unfitness, we need not analyze the remaining grounds. Moreover, as respondent does not contest the best-interest portion of the trial court's decision, we conclude the court's order terminating respondent's parental rights was appropriate.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

McCULLOUGH and COOK, JJ., concur.