NOTICE
This Order was filed under
Supreme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under Rule

2021 IL App (4th) 200570-U

NOS. 4-20-0570, 4-20-0572 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 5, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* S.R., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Vermilion County |
| Petitioner-Appellee, | ) | No. 19JA9 |
| v. (No. 4-20-0570) | ) | |
| Jamacia K., | ) | |
| Respondent-Appellant). | ) | |
| | ) | |
| *In re* T.R., a Minor | ) | |
| | ) | No. 19JA10 |
| (The People of the State of Illinois, | ) | |
| Petitioner-Appellee, | ) | |
| v. (No. 4-20-0572) | ) | Honorable |
| Jamacia K., | ) | Thomas M. O'Shaughnessy, |
| Respondent-Appellant). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in finding respondent unfit to parent her minor children or
          in terminating respondent's parental rights.

¶ 2        On September 17, 2020, the trial court found respondent, Jamacia K., unfit to parent

her minor children, S.R. (born November 25, 2015) and T.R. (born January 19, 2017). On October

30, 2020, the court terminated respondent's parental rights. Respondent appeals, arguing the trial

court erred both in finding that she was an unfit person and in finding termination of her parental

rights was in the best interests of S.R. and T.R. We affirm.

¶ 3                                      I. BACKGROUND

¶ 4            On January 25, 2019, the State filed a petition for adjudication of wardship, alleging S.R. and T.R. were neglected, as that term is defined under the Juvenile Court Act of 1987 (705 ILCS 405/2-3 (West 2018)), because their environment was injurious to their welfare as a result of respondent's substance abuse (*id.* § 2-3(1)(b)) and because respondent failed to provide them proper and necessary support, education, and other remedial care required for their welfare (*id.* § 2-3(1)(a)). The State additionally alleged it was in the best interests of the minors to be made wards of the court. A few days later, the trial court conducted a shelter care hearing and entered an order granting the Department of Children and Family Services (DCFS) temporary custody of the minors.

¶ 5            On March 5, 2019, Lutheran Social Services of Illinois (LSSI), an agency operating under contract with DCFS, filed a family service plan. Under the plan, respondent was required to, among other things, stay in contact with the minors' caseworker and complete an integrated assessment, a substance abuse assessment, a parenting assessment, and a mental health evaluation.

¶ 6            In September 2019, the trial court conducted an adjudicatory hearing. At the conclusion of the hearing, the court found S.R. and T.R. were neglected on both grounds alleged by the State. Subsequently, the court conducted a dispositional hearing, after which it found respondent unfit and unable to parent S.R. and T.R., making the minors wards of the court, and granting custody and guardianship of the minors to DCFS. Additionally, the court ordered that respondent cooperate with DCFS and comply with the terms of the LSSI service plan.

¶ 7            On February 21, 2020, the State filed a petition to terminate respondent's parental

rights. (We note the State also sought to terminate the parental rights of S.R. and T.R.'s father and that, ultimately, his parental rights were terminated; however, he is not a party to this appeal, and we discuss the facts only as they relate to respondent.) In its petition, the State alleged respondent was an unfit person in that she failed to maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare (750 ILCS 50/1(D)(b) (West 2018)). The State further alleged it was in the best interests of S.R. and T.R. that respondent's parental rights be terminated.

¶ 8    On September 17, 2020, the trial court conducted a fitness hearing. During the hearing, the State presented testimony from Tori Zook, S.R. and T.R.'s caseworker through LSSI. Zook testified respondent completed an integrated assessment in June 2019 and, as a result of the assessment, was recommended to participate in parenting, substance abuse, and mental health services. Several months later, respondent signed the consent documents required for LSSI to initiate referrals for the services. According to Zook, respondent partially completed a substance abuse assessment with a counseling agency, but she did not complete the assessment or participate in any substance abuse services. Similarly, respondent did not engage in any mental health or parenting services. Zook additionally testified respondent did not have any visits with the children after they were removed from her custody in January 2019. Although respondent requested visits with S.R. and T.R., Zook informed respondent she was first required to participate in the recommended services. Zook also testified that respondent only had "sporadic contact" with her and that she was only able to communicate with respondent when Zook reached out to her; respondent never initiated communication with Zook. Respondent never contacted Zook to ask about the children's welfare, nor did she send the children any "gifts, letters, [or] anything like that ***[.]"

¶ 9        Respondent did not present any evidence at the fitness hearing.

¶ 10        After the parties presented argument, the trial court found respondent unfit, as alleged by the State.

¶ 11        On October 30, 2020, the trial court conducted a best interest hearing. During the hearing, the State again called Zook to testify. According to Zook, S.R. and T.R. were placed with their maternal grandmother and her husband. S.R. was placed in that home in August 2019 and T.R. was placed there in October 2019. Zook testified S.R. and T.R. had "bonded" with their grandparents and were "safe and loved" in their grandparents' home. Zook further testified the grandparents ensured S.R. and T.R. received "ongoing services," such as therapy, and were willing to adopt S.R. and T.R. Zook concluded the grandparents' home was "the best placement for both of the children." Additionally, Zook testified that since the fitness hearing, respondent still had not visited with S.R. and T.R. and had not sent them any cards, gifts, or letters.

¶ 12        Respondent did not present any evidence at the best interest hearing.

¶ 13        After the parties presented argument, the trial court found termination of respondent's parental rights was in the best interests of S.R. and T.R.

¶ 14        This appeal followed.

¶ 15                                II. ANALYSIS

¶ 16        The Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2018)) "delineates a two-step process in seeking termination of parental rights involuntarily." *In re J.L.*, 236 Ill. 2d 329, 337, 924 N.E.2d 961, 966 (2010). First, the court conducts a fitness hearing at which it must determine, by "clear and convincing evidence, that [the] parent is an unfit person as defined in Section 1 of the Adoption Act [(750 ILCS 50/1 (West 2018))]." 705 ILCS 405/2-29(2) (West

2018). Second, the court holds a separate hearing at which it must find termination of the parent's rights is in the "best interest" of the minor. *Id.*

¶ 17 Respondent first contends the trial court erred in finding that she was an unfit person under section 1(D)(b) of the Adoption Act (750 ILCS 50/1(D)(b) (West 2018)). As respondent correctly notes, a court's finding of parental unfitness "will not be disturbed on appeal unless it is against the manifest weight of the evidence." *In re M.C.*, 2018 IL App (4th) 180144, ¶ 22, 110 N.E.3d 346. A court's finding that a parent is an unfit person is against the manifest weight of the evidence "only where the opposite conclusion is clearly apparent." (Internal quotation marks omitted.) *In re M.I.*, 2016 IL 120232, ¶ 21, 77 N.E.3d 69.

¶ 18 Under section 1(D)(b) of the Adoption Act, a parent may be found to be an unfit person by "[f]ail[ing] to maintain a reasonable degree of interest, concern or responsibility as to [her] child's welfare." 750 ILCS 50/1(D)(b) (West 2018). Because the language of section 1(D)(b) is in the disjunctive, a parent may be found to be unfit by failing to "maintain either interest, or concern, or responsibility; proof of all three is not required." *In re Richard H.*, 376 Ill. App. 3d 162, 166, 875 N.E.2d 1198, 1202 (2007).

¶ 19 "In determining whether a parent has shown a reasonable degree of interest, concern, or responsibility for a minor's welfare, a court considers the parent's efforts to visit and maintain contact with the child as well as other indicia, such as inquiries into the child's welfare." *In re B'yata I.*, 2014 IL App (2d) 130558-B, ¶ 31, 43 N.E.3d 139. A court may also consider the parent's completion of her service plan. *Id.* The parent's conduct must be examined "in the context of the circumstances in which that conduct occurred." *In re Adoption of Syck*, 138 Ill. 2d 255, 278, 562 N.E.2d 174, 185 (1990). If a parent is unable to participate in personal visits with her child,

the court may consider her "letters, telephone calls, and gifts to the child or those caring for the child ***, depending upon the content, tone, and frequency of those contacts under the circumstances." *Id.* at 279. Importantly, the court must "examine the parent's efforts to communicate with and show interest in the child, not the success of those efforts." *Id.* However, "a parent is not fit merely because she has demonstrated some interest or affection toward her child; rather, her interest, concern[,] and responsibility must be reasonable." *In re Jaron Z.*, 348 Ill. App. 3d 239, 259, 810 N.E.2d 108, 125 (2004).

¶ 20    Here, the evidence presented during the fitness hearing was sufficient to support the trial court's finding that respondent failed to maintain a reasonable degree of interest, concern or responsibility as to S.R. and T.R.'s welfare. Respondent failed to engage in any recommended services included in her service plan. Respondent did not have any visits with S.R. and T.R. after they were removed from her care, nor did she send the children any gifts or letters. No evidence was presented indicating respondent attempted to visit and maintain contact with S.R. and T.R. following the shelter care hearing. Indeed, Zook testified respondent never even contacted her to inquire about S.R. and T.R.'s welfare. In light of this evidence, the court's finding that respondent was an unfit person was not against the manifest weight of the evidence.

¶ 21    Respondent also contends the trial court erred in finding termination of her parental rights was in the best interest of S.R. and of T.R. As with the court's finding of unfitness, "[w]e will not reverse the trial court's best-interest determination unless it was against the manifest weight of the evidence." *In re Jay H.*, 395 Ill. App. 3d 1063, 1071, 918 N.E.2d 284, 291 (2009). The court's decision is against the manifest weight of the evidence "only if the facts clearly demonstrate that the court should have reached the opposite result." *Id.*

¶ 22        Section 1-3 of the Juvenile Court Act of 1987 lists multiple factors the trial court must consider in determining whether termination of a parent's rights is in the minor's best interest. 705 ILCS 405/1-3(4.05) (West 2018). Those factors, which must be considered in the context of the child's age and developmental needs, are: (1) the child's physical safety and welfare; (2) the development of the child's identity; (3) the child's background and ties; (4) the child's sense of attachments; (5) the child's wishes and long-term goals; (6) the child's community ties; (7) the child's need for permanence; (8) the uniqueness of every family and child; (9) the risks associated with substitute care; and (10) the preferences of the persons available to care for the child. *Id.*

¶ 23        The evidence presented at the best interest hearing was sufficient for the trial court to determine that termination of respondent's parental rights was in the best interests of S.R. and T.R. The minors' caseworker testified S.R. and T.R. had been placed together in their grandparents' home since October 2019, were "safe and loved" there, and had become "bonded" with their grandparents. S.R. and T.R.'s grandparents were caring for the minors "appropriately," including by ensuring they received necessary therapy services. Additionally, S.R. and T.R.'s grandparents were willing to provide the minors permanence through adoption. By contrast, respondent had not visited S.R. and T.R. since January 2019, and no evidence was submitted indicating respondent had otherwise interacted with the children since that time. Accordingly, it cannot be said the trial court's finding that the best interests of S.R. and T.R. would be served by termination of respondent's parental rights was against the manifest weight of the evidence.

¶ 24                                III. CONCLUSION

¶ 25        For the reasons stated, we affirm the trial court's judgment.

¶ 26        Affirmed.